**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ARTURO RUIZ-AHUMADA,<br><br>　　　　　Defendant. | No. CR02-4054-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A.  Charges, Conviction, Sentencing, and Appeal* . . . . . . . . . . . . . . . . . 2
　　*B.  The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　*A.  The Motions to Amend and Supplement* . . . . . . . . . . . . . . . . . . . . . 4
　　*B.  Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 7
　　　　1.　*Relief on the merits of the claims* . . . . . . . . . . . . . . . . . . . 7
　　　　2.　*Entitlement to an evidentiary hearing* . . . . . . . . . . . . . . . . 10
　　*C.  The "*Booker *Error"* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
　　*D.  Voluntariness Of Ruiz-Ahumada's Plea* . . . . . . . . . . . . . . . . . . . . 13
　　*E.  Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

This matter comes before the court pursuant to the November 1, 2004, *pro se* Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 29) by defendant Arturo Ruiz-Ahumada. In his motion, Ruiz-Ahumada seeks relief from his sentence to 87 months of imprisonment following his plea of guilty to a charge of illegal reentry by a deported alien. Ruiz-Ahumada seeks such relief based on an alleged "*Booker* error" in his sentencing. Further, Ruiz-Ahumada contends his guilty plea was not entered into knowingly and voluntarily. The court finds that the motion is now ripe for disposition.

## I. INTRODUCTION
### A. *Charges, Conviction, Sentencing, and Appeal*

In an Indictment handed down on June 20, 2002, defendant Ruiz-Ahumada was charged with illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b). Thereafter, on December 12, 2002, Ruiz-Ahumada pleaded guilty to the charge before United States Magistrate Judge Paul A. Zoss. Following the plea hearing, Judge Zoss issued a Report and Recommendation recommending acceptance of Ruiz-Ahumada's guilty plea (Doc. No. 24). On December 27, 2002, the undersigned accepted Judge Zoss's Report and Recommendation, to which no objections had been filed (Doc. No. 25). At a sentencing hearing held on March 14, 2003, the undersigned sentenced Ruiz-Ahumada at the top of the Guidelines range to 87 months imprisonment and three years supervised release. Ruiz-Ahumada filed a notice of appeal following his sentencing on March 21, 2003 (Doc. No. 30). Specifically, on appeal he argued the district court abused its discretion in sentencing him to the top of the Guidelines range. Additionally, Ruiz-Ahumada asserted a variety of other claims, including speedy trial, due process and ineffective assistance issues, all in relation to the continuances the district court granted

before the defendant entered his guilty plea. The United States Court of Appeals for the Eighth Circuit affirmed Ruiz-Ahumada's conviction and sentence on November 24, 2003 (Doc. No. 36). Following the denial of his appeal, Ruiz-Ahumada filed the current motion pending before the court.

### B. *The Motion To Vacate Sentence*

On November 1, 2004, Ruiz-Ahumada filed his *pro se* Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 39) and a corresponding *pro se* Motion to Proceed In Forma Pauperis (Doc. No. 38). Ruiz-Ahumada's § 2255 motion seeks relief based on a *Booker* error. More specifically, Ruiz-Ahumada contends that the mandatory United States Sentencing Guidelines under which he was sentenced were unconstitutional on their face. Additionally, Ruiz-Ahumada avers he was forced to plead guilty "due to the unconcionable [sic] practices of the U.S. Attorney and the system's inherent defects." *See* Defendant's Petition Under 28 U.S.C. § 2255, at 5. Thereafter, on April 20, 2006, Ruiz-Ahumada filed a *pro se* Motion for Leave to File Supplement to his § 2255 motion (Doc. No. 42). Ruiz-Ahumada failed to indicate in his motion in what aspect he desired to supplement his motion. On August 28, 2006, Ruiz-Ahumada again filed a *pro se* motion, this time, in the form of a Motion to File Additional Grounds with respect to his § 2255 motion. However, as in his previous motion, Ruiz-Ahumada's motion did not even allude as to what new, non-frivolous grounds he wished to incorporate into his initial § 2255 petition (Doc. No. 43). The court will first consider the merits of Ruiz-Ahumada's Motions to Supplement and Amend, and then turn to consider the merits of his claims.

## II. LEGAL ANALYSIS

### A. *The Motions to Amend and Supplement*

A motion by a federal prisoner for postconviction relief under § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Rule 15 of the Federal Rules of Civil Procedure governs a motion to amend a § 2255 motion if it is made before the one-year limitation period for filing a § 2255 motion has expired. *See* 28 U.S.C. § 2255. Pursuant to Rule 15, a court should freely grant leave to amend when justice so requires." *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994) (citations omitted) (reversing district court's denial of motion to amend § 2254 habeas application to add claim as an abuse of discretion). In contrast, however, "an *untimely* amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (emphasis added); *see also United States v. Hernandez*, 436 F.3d 851, 856-57 (8th Cir. 2006) (noting that Rule 15(c)(2) of the Federal Rules of Civil Procedure is applicable to motions under § 2255), *cert. denied*, 126 S. Ct. 2341 (2006); *Mandacina v. United States,* 328 F.3d 995, 1000 & n. 3 (8th Cir. 2003) (holding that § 2255 proceedings are civil in nature and governed by the Federal Rules of Civil Procedure); *United States v. Craycraft,* 167 F.3d 451, 457 n. 6 (8th Cir. 1999) (same); *see also Ryan v. Clarke,* 387 F.3d 785, 789 (8th Cir. 2004) (holding that the Federal Rules of Civil Procedure govern § 2254 cases because they are civil in nature), *cert. denied,* 544 U.S. 1065 (2005); *McKay v. Purkett,* 255 F.3d 660, 660-61 (8th Cir. 2001) (per curiam) (same). Thus, the timeliness, or lack thereof, of Ruiz-Ahumada's

Motions to Supplement and Amend is interdependent upon the starting date for the one-year limitation.

In *Clay v. United States*, 537 U.S. 522 (2003), the United States Supreme Court resolved the question of when a conviction becomes "final" for postconviction relief purposes in cases where the defendant takes an unsuccessful direct appeal from a judgment of conviction but does not next petition for a writ of certiorari following the denial of a direct appeal. *Id.* at 524-25. Prior to *Clay*, the Courts of Appeals had been split on this issue with the minority holding a conviction became final when the appellate court issues its mandate affirming the conviction and the majority, in contrast, relying on a later date—when the time for filing a petition for certiorari expires. *Compare United States v. Torres*, 211 F.3d 836, 838-42 (4th Cir. 2000) *and Gendron v. United States*, 154 F.3d 672, 672 (7th Cir. 1998), *with Derman v. United States,* 298 F.3d 34, 39-42 (1st Cir. 2002); *Kapral v. United States,* 166 F.3d 565, 567-77 (C.A.3 1999); *United States v. Gamble,* 208 F.3d 536, 537 (5th Cir. 2000) *(per curiam); United States v. Garcia,* 210 F.3d 1058, 1059-61 (9th Cir. 2000); *United States v. Burch,* 202 F.3d 1274, 1275-79 (10th Cir. 2000); *Kaufmann v. United States,* 282 F.3d 1336, 1337-39 (11th Cir. 2002). The Supreme Court resolved the circuit split in *Clay* and affirmed the holding of the majority of the circuit courts; thus, for federal prisoners like Ruiz-Ahumada who do not file petitions for certiorari following affirmance of their convictions, § 2255's one-year limitation period begins to run when the defendant's time for seeking review by the Supreme Court expires. *See Clay*, 537 U.S. at 532. Rule 13.1 of the Supreme Court Rules dictates that "a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely filed when it is filed with the Clerk of this Court within 90 days after entry of the judgment. Thus, Ruiz-Ahumada's conviction became final on February 23, 2004, when his time for petitioning

to the Supreme Court of a writ of certiorari had expired. *See Supreme Court Rule* 13.1. Thus, Ruiz-Ahumada had until February 22, 2005, to timely file amendments to his § 2255 motion. However, both his motion to amend and his motion to supplement were filed after this date. Consequently, they are barred as untimely, unless it can be said that they "relate back" to the original pleading.

"'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Rule 15(c) of the Federal Rules of Civil Procedure provides, in part, that an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Fed. R. Civ. P.* 15(c)(2). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). In a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding" and "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* Here, however, the defendant has not provided the court with any basis whatsoever with which it can ascertain whether his untimely claims "relate back" to his timely filed claim. This is so, because both motions utterly fail to specify or even imply the type of claims the defendant seeks to append to his original § 2255 motion. Accordingly, the court **denies** the defendant's Motions to Amend on vagueness grounds.

Further, even if the court permitted the defendant to elaborate on the type of claim

6

he wished to add to his § 2255 motion, it is clear that any appended claim would have to sufficiently "relate back," to his original claim under *Booker*. Thus, the defendant would be severely limited with respect to the arguments he could raise. Any other claims outside the context of *Booker*, more than likely would not sufficiently relate back and would be denied as untimely. In light of this fact, the court is hard-pressed to find any meritorious grounds on which the defendant could rely. Rather, the defendant's unspecified claims would sufficiently relate back only if he sought to (1) supplement his arguments in light of the Supreme Court's later rulings in *Blakely* and *Booker* and/or (2) append an ineffective assistance of counsel claim on these same grounds. Further, both of the claims that potentially could have related back to the defendant's original § 2255 petition would be frivolous, as demonstrated by the foregoing discussion, even if the defendant had explicated the motivation behind his motions to amend. Accordingly, it is without reservation that this court **denies** the defendant's Motions to Supplement and Amend. Accordingly, the court will proceed to address only the claims raised in Ruiz-Ahumada's original § 2255 petition.

### B. Standards For Relief Pursuant To § 2255

#### 1. Relief on the merits of the claims

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the

7

> maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural

default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d at 854 ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

9

### 2. *Entitlement to an evidentiary hearing*

As the Eighth Circuit Court of Appeals recently explained,

> A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001). "That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." *Id.* Therefore, in order to determine if [a movant under § 2255] is entitled to remand for an evidentiary hearing, we must consider the validity of his [claim for § 2255 relief]. *Id.*

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005). More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary, [but] [a]bsent such clarity, an evidentiary hearing is required." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). At the evidentiary hearing, if one is required, the defendant must establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *accord Latorre*, 193 F.3d at 1038 (quoting this standard from *Bousley*).

In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Ruiz-Ahumada] is entitled to no relief" on any of his claims, as the court will explain in more detail below. 28 U.S.C. § 2255; *Ledezma-Rodriguez*, 423 F.3d at 835-36.

### C. The "Booker *Error*"

Ruiz-Ahumada's claim for § 2255 relief is an alleged "*Booker* error," based on the fact that his sentence was determined under the mandatory Guidelines regime. Ruiz-Ahumada contends that the then-mandatory Guidelines impermissibly allowed a sentencing judge to adjust the sentencing range based on a preponderance of the evidence, and that as such, his Sixth Amendment rights were violated because this function should have been performed by a jury based on a beyond a reasonable doubt standard in light of the Supreme Court's decision in *Booker*. This is apparently a contention that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (stating this and other grounds for relief); *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").

On January 12, 2005, the United States Supreme Court handed down its decision in *Booker*. In *Booker*, the Court issued two separate majority opinions. *See* 543 U.S. at 226, 244. First, Justice Stevens, writing for the Court, held that the rule announced in *Blakely* applied to the federal sentencing guidelines. *Id*. at 243-44. Justice Stevens's opinion was grounded on the premise that the federal sentencing guidelines were mandatory and imposed binding requirements on all sentencing judges. *Id*. at 233-34. The second majority decision, with Justice Breyer writing for the Court, invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the

Guidelines mandatory. *Id.* at 245-46. However, by its very terms, *Booker* states that it is to apply "to all cases on direct review." *Id.* at 268. The decision makes no reference to cases on collateral review. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to have considered the issue has held that *Booker* does not apply retroactively to cases on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005); *see also Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 312 (2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 545 U.S. 1110 (2005). Because this case was not pending on direct review when *Booker* was decided, the holdings of *Booker* would be inapplicable as a basis to attack the sentence here. *See Never Misses A Shot*, 413 F.3d at 783; *see also Lloyd*, 407 F.3d at 615-16; *Guzman*, 404 F.3d at 143-44; *Varela*, 400 F.3d at 868; *Price*, 400 F.3d at 845; *Humphress*, 398 F.3d at 857; *McReynolds*, 397 F.3d at 481. Furthermore, a review of the sentencing transcript reveals that no judicial fact-finding even occurred during Ruiz-Ahumada's sentencing. Therefore, even *if* Ruiz-Ahumada was not procedurally barred from asserting a *Booker*-error, he would have no grounds to assert because his sentence was not enlarged based on any unconstitutional judicial fact-finding. Therefore, defendant Ruiz-Ahumada's § 2255 motion is **denied** on this ground, and his *pro se* Motion to Proceed In Forma Pauperis is **denied as moot**.

## D. *Voluntariness Of Ruiz-Ahumada's Plea*

Ruiz-Ahumada's § 2255 Motion also can be construed as seeking relief based on the alleged involuntary nature of his guilty plea. At the outset, it is important to note that this claim is likely precluded from § 2255 review by virtue of the fact Ruiz-Ahumada failed to raise this claim on direct appeal. *See Ramey*, 8 F.3d at 1314 (noting that Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice). However, because he attacks the voluntariness of his plea, the court will proceed to address the merits of Ruiz-Ahumada's claims. *See id.* (noting that § 2255 relief may be available where the alleged errors were fundamental defects resulting in a complete miscarriage of justice).

Without doubt, to be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). The Eighth Circuit Court of Appeals has recognized that a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). At the same time, a defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Moreover, allegations that counsel misled a defendant into accepting a plea agreement are insufficient to justify withdrawal of the defendant's guilty plea as involuntary, where the court correctly informed the defendant during the plea hearing. *See United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (*per curiam*) (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the

13

defendant of the maximum possible sentence).

Ruiz-Ahumada claims, essentially, that his plea was the product of coercion based on inherent defects in the criminal justice system. However, the record plainly does not support this contention. First, Ruiz-Ahumada was repeatedly advised during the plea hearing that he had a right to plead not guilty to the charge and that he could proceed to trial if he decided he no longer wished to enter a plea of guilty to the charge in the Indictment at any time during the plea proceeding. *See* Plea Transcript at 3, 7-8, 13. Further, after being placed under oath, the following discourse occurred:

> THE COURT: Did anybody promise you anything to get you to plead guilty?
> THE DEFENDANT: Well, not really.
> THE COURT: Did anybody promise you anything at all other than the predictions your lawyer has made?
> THE DEFENDANT: Uh-huh.
> THE COURT: I'm sorry?
> THE DEFENDANT: Yes, just the predictions of my counselor.
> THE COURT: And you understand those predictions aren't binding on Judge Bennett?
> THE DEFENDANT: Yes, I understand.
> THE COURT: Has anyone threatened, forced, or pressured you into pleading guilty?
> THE DEFENDANT: No, no, sir.

Plea Transcript, at 20-21. In sum, despite the court's admonitions about the consequences of pleading guilty, the record indicates Ruiz-Ahumada wished to proceed with his guilty plea. Moreover, Judge Zoss questioned Ruiz-Ahumada directly regarding whether his plea was the product of undue threats, force or pressure, to which Ruiz-Ahumada stated it was not. At no time during the plea proceeding was any evidence or testimony ever produced regarding any unconscionable conduct or defects in the plea process. Thus, the record unequivocally demonstrates Ruiz-Ahumada's plea was voluntary. Had the government,

14

Ruiz-Ahumada's attorney, or any other facet of the criminal justice system "coerced" him to plead guilty, as he contends in his § 2255 motion, Ruiz-Ahumada had every opportunity during his plea hearing to indicate as such. However, he did not and, instead, chose to admit to each and every element of the offense and supplied the court with a factual basis for his plea, all while under oath. *See Nguyen*, 114 F.3d at 703 (representations by a defendant at a plea-taking carry a strong presumption of verity). For these reasons, the court finds with little hesitation that Ruiz-Ahumada's plea was entered into voluntarily, and his § 2255 motion is also denied on this ground.

### *E. Certificate Of Appealability*

Defendant Ruiz-Ahumada must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Ruiz-Ahumada's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to

satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Ruiz-Ahumada's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

Upon the foregoing, Arturo Ruiz-Ahumada's June 17, 2004, *pro se* Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 39) is **denied in its entirety.** Likewise, both his *pro se* Motion for Leave to File Supplement (Doc No. 42) and his *pro se* Motion to File Additional Grounds (Doc. No. 43) are also **denied**. Consequently, Ruiz-Ahumada's *pro se* June 17, 2004, Motion to Proceed In Forma Pauperis (Doc. No. 38) is rendered moot and therefore, is also **denied**.

**IT IS SO ORDERED.**

**DATED** this 24th day of October, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA